IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SUSANN M. SCHOFIELD | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| ANDREW SAUL,[1] Commissioner of Social Security | : | No. 19-1600 |
| | : | |

**MEMORANDUM**

CAROL SANDRA MOORE WELLS  
UNITED STATES MAGISTRATE JUDGE                                                                       August 29, 2019

**I.    INTRODUCTION**

Susann M. Schofield ("Plaintiff"), seeks judicial review, pursuant to 42 U.S.C. §§ 405(g), 1383(c)(3), of the final decision of the Commissioner of the Social Security Administration ("the Commissioner"), denying her claim for a period of disability and disability insurance benefits ("DIB") under Title II of the Social Security Act. The Commissioner filed a motion to dismiss this Complaint as untimely. Doc. no. 13. For the reasons set forth herein, the Commissioner's motion is granted and Plaintiff's untimely Complaint is dismissed.

**II.    PROCEDURAL HISTORY**

On May 18, 2015, Plaintiff filed an application for DIB alleging disability, as of July 24, 2013, based upon claims of physical and mental impairments. Nov. 16, 2017 Decision, doc. no. 2 at 14, 16.[2] Plaintiff's claim was denied initially, hence, she requested a hearing. *Id.* at 14. On August 2, 2017, a hearing was held before Deborah Mande, Administrative Law Judge ("the ALJ"). *Id.* Plaintiff, represented by Michael F. McCartin, Esquire, and Gary A. Young, a

---

[1] Andrew Saul is now the Commissioner of Social Security. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Andrew Saul should be substituted for Acting Commissioner Nancy A. Berryhill as the defendant in this suit. No further action needs to be taken to continue this suit by reason of the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

[2] Reference is to pagination assigned by ecf. The ALJ's Decision is attached to the Complaint.

vocational expert ("the VE"), testified at the hearing. *Id.* On November 16, 2017, the ALJ issued an unfavorable decision. *Id.* at 14-31. The Appeals Council denied Plaintiff's request for review on October 15, 2018, making the ALJ's findings the final determination of the Commissioner. *Id.* at 7-9.

Thereafter, on March 6, 2019, the Appeals Council granted Plaintiff's request for a 30 day extension to file a civil action to challenge the decision of the Commissioner. *Id.* at 10. The Appeals Council's letter explained that Plaintiff was required to file her civil action within 30 days from receipt of the letter granting her request and that the Appeals Council would assume that Plaintiff had received the letter within 5 days of when it was mailed. *Id.*

Plaintiff, *pro se*, signed her Complaint on April 3, 2019. *Id.* at 5. However, she did not file it until April 12, 2019. *See* docket entries, Civ. A. No. 19-1600. On April 17, 2019, the Honorable Mark A. Kearney entered an order granting Plaintiff's request to proceed in *forma pauperis*, denying, without prejudice Plaintiff's request for appointment of counsel, directing the Clerk of Court to issue summonses, and ordering the U.S. Marshal to serve the summons and complaint. Doc. no. 6. On May 7, 2019, Plaintiff filed her Consent to Jurisdiction of a Magistrate Judge. Doc. no. 9. Accordingly, this case was reassigned to the undersigned for all further proceedings. Doc. no. 11.

On July 1, 2019, the Commissioner filed a motion to dismiss Plaintiff's complaint as untimely. Doc. no. 13. On July 25, 2019, this court ordered Plaintiff to respond to the motion by Friday, August 9, 2019; the order further advised that failure to do so could result in dismissal of her case as untimely. Doc. no. 14. To date, Plaintiff has neither filed a response to the motion nor has not requested an extension of time in which to do so.

### III. STANDARD OF REVIEW

"'Technically, the Federal Rules of Civil Procedure require that affirmative defenses be pleaded in the answer.'" *Marty v. Berryhill*, 2018 WL 1790343, at *2 (E.D. Pa. Apr. 13, 2018) (quoting *Robinson v. Johnson*, 313 F.3d 128, 135 (3d Cir. 2002)). However, the so-called "Third Circuit Rule" permits a limitations defense to be raised by a motion under Rule 12(b)(6), but only if "'the time alleged in the statement of a claim shows that the cause of action has not been brought within the statute of limitations.'" *Marty*, at *2 (quoting *Hanna v. U.S. Veterans' Admin. Hosp.*, 514 F.2d 1092, 1094 (3d Cir. 1975).

"In deciding a motion to dismiss pursuant to Rule 12(b)(6), courts generally consider only the allegations in the complaint, exhibits attached to the complaint, matters of public record, and documents that form the basis of a claim." *Lum v. Bank of America*, 361 F.3d 217, 221 n.3 (3d Cir. 2004). Additionally, "documents whose contents are alleged in the complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may be considered." *Pryor v. National Collegiate Athletic Ass'n*, 288 F.3d 548, 560 (3d Cir. 2002) (quoting 62 Fed. Proc. L.Ed. § 62:508). Moreover, the court must "accept all factual allegations as true [and] construe the complaint in the light most favorable to the plaintiff." *Phillips v. City of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008) (quoting *Pinker v. Roche Holdings Ltd.*, 292 F.3d 361, 374 n.7 (3d Cir. 2002) (internal quotation marks omitted).

### IV. DISCUSSION

Section 405(g) provides that an

> individual, after any final decision of the Commissioner of Social Security made after a hearing . . . may obtain review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow.

42 U.S.C. § 405(g). Claimants are presumed to have received notice from the Appeals Council within five days of its mailing. *See* 20 C.F.R. § 422.210(c).

The sixty-day filing period constitutes a statute of limitations but is not jurisdictional. *See Bowen v. City of New York*, 476 U.S. 467, 478 (1986). The United States Supreme Court has explained that "the statute of limitations embodied in § 405(g) is a mechanism by which Congress was able to move cases to speedy resolution in a bureaucracy that processes millions of claims annually. Thus, the limitation serves both the interest of the claimant and the interest of the Government." *Id.* at 481. The limitations period "must be strictly construed." *Id.* at 479.

The limitations period is subject to equitable tolling. *Id.* at 480. There are three principal bases for applying the doctrine of equitable tolling:

> (1) Where the defendant has actively misled the plaintiff respecting the plaintiff's cause of action; (2) where the plaintiff in some extraordinary way has been prevented from asserting his or her rights; or (3) where the plaintiff has timely asserted his or her rights mistakenly in the wrong forum.

*Kramer v. Comm'r of Soc. Sec.*, 461 Fed. Appx. 167, 169 (3d Cir. 2012) (not precedential) (quoting *Oshiver v. Levin, Fishbein, Sedran & Berman*, 38 F.3d 1380, 1387 (3d Cir. 1994). Equitable tolling is to be sparingly applied. *Kramer*, 461 Fed. Appx. at 169. The "plaintiff bears the burden of establishing that equitable tolling applies." *Courtney v. LaSalle Univ.*, 124 F.3d 499, 505 (3d Cir. 1997).

In this case, Plaintiff requested and was granted an extension of time in which to file her civil action challenging the Commissioner's decision. *See* March 6, 2019 letter, doc. no. 2, at 10. The letter informing Plaintiff was mailed to 5917 Cottage Street, Philadelphia, Pennsylvania 19135. Exhibit 4 to Declaration of Janay Podraza, attached to Commissioner's motion, doc. no.

13.³  This is the address reflected on Plaintiff's complaint.  *See* doc. no. 2.  Plaintiff was presumed to have received said letter on March 11, 2019, *see* 20 C.F.R. § 422.210(c).  She was, accordingly, required to commence her civil action by April 10, 2019.  However, she did not complu until April 12, 2019, 2 days late.  *See* docket, Civ. A. No. 19-1600.  Therefore, her complaint is untimely.

Plaintiff did not respond to the motion to dismiss the complaint, despite an order requiring her to do so; she has not alleged any circumstances that would justify equitable tolling.  The fact that her complaint was filed only 2 days late does not, in and of itself, justify equitable tolling.  *See Fenimore v. Berryhill*, 2018 WL 1942359, at *3 (Apr. 24, 2018) (dismissing complaint filed 2 days late).  *See also Prunty v. Comm. of Soc. Sec.*, 2019 WL 426806, at *3 (E.D. Pa. Feb. 4, 2019) (dismissing complaint filed 6 days late); *Marty*, *supra*, at *2 (dismissing complaint filed 4 days late).

## V. CONCLUSION

Plaintiff filed her civil action late.  She did not respond to the Commissioner's motion to dismiss or, otherwise, provide the court with grounds for equitable tolling of the applicable statute of limitations.  Accordingly, the Commissioner's motion to dismiss the complaint as untimely must be granted.  Plaintiff's complaint is dismissed with prejudice.

BY THE COURT:

*/s/ Carol Sandra Moore Wells*
CAROL SANDRA MOORE WELLS
United States Magistrate Judge

---

³ Janay Podraza is the Chief of Court Case Preparation and Review Branch 2 of the Office of Appellate Operation, Social Security Administration.  Declaration, at 1.  Podraza's Declaration was submitted in support of the Commissioner's motion.  *See* doc. no. 13.